UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

MELVIN R. BILLIOT                                              CIVIL ACTION

VERSUS                                                         NO. 14-2745

DEPUTY MERCADEL                                                SECTION "I" (2)

## REPORT AND RECOMMENDATION

Plaintiff, Melvin R. Billiot, is a prisoner currently incarcerated in the Jefferson Parish Correctional Center in Gretna, Louisiana. He filed this complaint pro se and in forma pauperis pursuant to 42 U.S.C. § 1983 against defendant Deputy Mercadel, whom he identifies as a deputy who works in the Jefferson Parish jail mail room. Record Doc. No. 1 (Complaint at p. 4, ¶ III(B).

Billiot alleges that while incarcerated in the Jefferson Parish jail in 2013, he attempted to file appeal papers and/or writ applications concerning his criminal case by mailing them to the Louisiana Fifth Circuit Court of Appeal and/or to the Louisiana Supreme Court. Id. at p. 5, ¶ IV. He alleges that although he placed his appeal papers in an "envelop[e] in hand of [defendant] mail lady" for processing through the jail mail system, his papers were not submitted to the court. Id. He also states that he received a letter, purportedly from a Jefferson Parish public defender, through the jail mail system that was a forgery. He alleges that through these mail system failures, "my appeal was sabotaged." Id. at p. 3, ¶ II(D). For relief, he seeks "$1000 a day for keeping me illegally – charges drop[p]ed." Id. at p. 5, ¶ V.

Billiot previously asserted identical claims regarding the alleged mishandling of his mail against this same defendant, Deputy Mercadel, in an earlier filed case in this court, Melvin Raymond Billiot v. Deputy Mercadel, C.A. No. 14-2514"C"(5). On December 9, 2014, that earlier case was dismissed with prejudice as legally frivolous and/or for failure to state a claim, Record Doc. Nos. 5, 6 in C.A. No. 14-2514, about three weeks before Billiot corrected an earlier deficient filing and submitted the adequate complaint ultimately filed in this case.

## ANALYSIS

I.     STANDARDS OF REVIEW

"A federal court may dismiss a claim in forma pauperis 'if satisfied that the action is frivolous or malicious.'" Moore v. McDonald, 30 F.3d 616, 620 (5th Cir. 1994) (quoting former 28 U.S.C. § 1915(d), now incorporated in 28 U.S.C. § 1915(e), as amended) (emphasis added). Duplicative and repetitive lawsuits are malicious for purposes of 28 U.S.C. § 1915(e)(2)(B)(i) and must be dismissed for that reason. Potts v. Texas, No. 08-41177, 2009 WL 3806073, at *1 (5th Cir. Nov. 13, 2009) (citing Pittman v. Moore, 980 F.2d 994, 994-95 (5th Cir. 1993); Bailey v. Johnson, 846 F.2d 1019, 1021 (5th Cir. 1988)).

> Courts may appropriately dismiss an in forma pauperis action as frivolous, when the action "seek[s] to relitigate claims which allege substantially the same facts arising from a common series of events which have already been unsuccessfully litigated by the in forma pauperis plaintiff." . . . In Pittman, the Fifth Circuit Court of Appeals noted that Wilson [v. Lynaugh] "essentially held that pauper status does not entitle a

> plaintiff to avoid the ordinary rules of res judicata." The Circuit then agreed that a complaint is malicious when it "duplicates allegations of another pending federal lawsuit by the same plaintiff." Reading Pittman and Wilson in conjunction, it is clear that the Court may dismiss an action as malicious when the complaint raises claims that would be barred by the principles of res judicata, whether or not the prior litigation has ended unsuccessfully for the plaintiff.
>
> It is well-settled that "res judicata bars all claims that were brought or could have been brought based on the operative factual nucleus." A complaint is thus malicious when it "duplicates allegations of another pending federal lawsuit by the same plaintiff" or when it raises claims arising out of a common nucleus of operative facts that could have been brought in the prior litigation.

McGill v. Juanita Kraft Postal Serv., No. 3:03-CV-1113-K, 2003 WL 21355439, at *1-2 (N.D. Tex. June 6, 2003) (Ramirez, M.J.) (quoting Wilson v. Lynaugh, 878 F.2d 846, 850 (5th Cir. 1989); Pittman, 980 F.2d at 994, 994-95; Ellis v. American Express Life Ins. Co., 211 F.3d 935, 938 n.1 (5th Cir. 2000)), report & recommendation adopted, 2003 WL 21467745 (N.D. Tex. June 18, 2003) (Kinkeade, J.); accord Parker v. Fort Worth Police Dep't, 980 F.2d 1023, 1026 (5th Cir. 1993).

In this case, Billiot is attempting to reassert the same claims against the same defendant that have already been asserted and rejected in his earlier filed case in this court. His claims of mishandling of his legal mail by Deputy Mercadel were raised, addressed and rejected in his prior lawsuit. Melvin Raymond Billiot v. Deputy Mercadel, C.A. No. 14-2514 "C"(5), Record Doc. Nos. 5, 6. Thus, his current complaint must be dismissed as duplicative and malicious.

3

**RECOMMENDATION**

For all of the foregoing reasons, it is **RECOMMENDED** that plaintiff's complaint be **DISMISSED WITH PREJUDICE** as duplicative and malicious pursuant to 28 U.S.C. § 1915(e)(2)(B)(i).

A party's failure to file written objections to the proposed findings, conclusions, and recommendation in a magistrate judge's report and recommendation within fourteen (14) days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court, provided that the party has been served with notice that such consequences will result from a failure to object. Douglass v. United Servs. Auto. Ass'n, 79 F.3d 1415, 1430 (5th Cir. 1996) (en banc) (citing 28 U.S.C. § 636(b)(1)).[1]

New Orleans, Louisiana, this   15th   day of January, 2015.

JOSEPH C. WILKINSON, JR.
UNITED STATES MAGISTRATE JUDGE

---

[1] Douglass referenced the previously applicable ten-day period for the filing of objections. Effective December 1, 2009, 28 U.S.C. § 636(b)(1) was amended to extend the period to fourteen days.